UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BYRON JAMES MILLER, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | Case No. 00-1420 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Defendant. ) | |

**O R D E R**

This matter is before the Court on Defendant, Byron James Miller's ("Miller"), Motion Under Federal Rule of Civil Procedure 60(b). For the reasons set forth below, the Motion [#44] is DISMISSED.

### Discussion

Following a jury trial in November 1998, Miller was found guilty of possession of heroin with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and possession of heroin by an inmate in federal prison in violation of 18 U.S.C. § 1761(a)(2). He was sentenced to 186 months' imprisonment on the first charge and 24 months' imprisonment on the second charge to run consecutively to each other and to a federal sentence that he was already serving at the time of his offense. Miller's conviction and sentence were affirmed on appeal to the Seventh Circuit Court of Appeals on December 6, 1999. <u>United States v. Miller</u>, 199 F.3d 416 (7th Cir. 1999).

On December 4, 2000, Miller filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 alleging: (1) that his confession was improperly obtained in violation of his Fifth and Sixth Amendment rights during his March 23, 1998, interview and that he was denied due process of law when the Government breached the immunity agreement and violated his right not to incriminate himself; (2) that he was denied his right to a fair trial as a result of the delay in bringing him before a magistrate judge; (3) that the sentencing court erred when it considered his 1991 Tennessee conviction in computing his sentence and that counsel was ineffective for failing to argue this issue; (4) that his conviction should be vacated based on Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000); (5) that he was the victim of selective prosecution; (6) that the Grand Jury lacked jurisdiction to return an indictment against him; and (7) that his convictions result in double punishment for the same crime. His Motion was denied on March 20, 2001, and the Seventh Circuit declined to issue a Certificate of Appealability.

On November 26, 2002, Miller attempted to take another bite at the apple. Although he styled his pleading as a Motion to Modify Sentence, a preliminary review of the motion revealed that he was actually attempting to bring another collateral attack on his 1998 conviction and sentence, and the Court noted that the styling of the pleading as a Motion to Modify Sentence appeared to be a deliberate attempt to make an end run around the Seventh Circuit's gatekeeping function as set forth in §2244(b)(3)(A)-(C). However, regardless of how the motion was labeled, the Court found that it was a "second or successive" application for purposes of § 2244(b) because otherwise the requirements and limitations imposed by the AEDPA would be ineffectual. The motion was therefore

dismissed for lack of subject matter jurisdiction as an improper second or successive petition for collateral relief.

Apparently undaunted by the Court's prior Order, Miller filed another Motion to Modify Sentence in which he sought adjustment of his sentence based on a purported amendment to the Sentencing Guidelines. This filing was dismissed as a third attempt to bring a successive petition for collateral relief in federal district court without first having obtained an order from the Seventh Circuit Court of Appeals authorizing this Court to consider the application in compliance with § 2244(b)(3)(A). Miller was again informed that he must obtain such order from the Seventh Circuit Court of Appeals, and his motion was dismissed for lack of jurisdiction.

On April 13, 2005, Miller filed a Motion for Relief from Judgment pursuant to Rule 60 in yet another attempt to circumvent the prohibition on successive filings. In this Motion, he attempted to obtain a modification of his sentence by citing United States v. Booker, 543 U.S. _____ (2005), and Blakely v. Washington, 124 S.Ct. 2531 (2004), neither of which have been deemed retroactively applicable to cases on collateral review by the Supreme Court. As with his prior filings, the Court dismissed the Motion for lack of jurisdiction.

Astonishingly enough, Miller now attempts to evade the clear rulings of both this Court and the Seventh Circuit by filing another Motion Under Federal Rule of Civil Procedure 60(b)(6). As the Court previously informed him, the Seventh Circuit has previously addressed the filing of a Rule 60(b) motion under analogous circumstances and unambiguously concluded that "a post-judgment motion under Fed. R. Civ. P. 60(b) in the district court . . . is a 'second or successive' application for purposes of § 2244(b)." Burris v. Parke, 130 F.3d 782, 783 (7th Cir. 1997). Otherwise, the requirements and limitations

imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") would be ineffectual. Id.

Thus, under the clearly established law of this circuit, Miller's motion is nothing more than a disingenuous attempt to bring yet another successive petition for collateral relief in federal district court without first having obtained an order from the Seventh Circuit Court of Appeals. As he has been instructed on several previous occasions, before this Court is able to consider Petitioner's claims, he must obtain such order from the Seventh Circuit Court of Appeals. He is therefore not entitled to relief in this Court at this time, and his motion will be dismissed for lack of jurisdiction.

Despite having been instructed otherwise on numerous occasions, Miller is apparently laboring under the mistaken assumption that he is somehow exempt from the clear procedural requirements and limitations implemented by the AEDPA. The Court previously warned Miller that future attempts to deliberately circumvent these procedural bars by filing a successive action directly with this Court without first obtaining an appropriate order from the Court of Appeals may expose him to the possibility of sanctions. Miller has now disregarded this warning and is now advised that the filing of any further unauthorized, successive actions with this Court, regardless of the captions that he places on them, will result in the imposition of substantial monetary sanctions against him.

**Conclusion**

Accordingly, for the reasons set forth above, the "Motion Under Federal Rule of Civil Procedure 60(b)(6)" [#44], which the Court construes as a successive collateral attack, is DISMISSED for lack of jurisdiction. As a result of his repeated and deliberate attempts to circumvent the procedural bars against successive petitions, Petitioner is advised that the filing of any further unauthorized, successive actions with this Court, regardless of the captions that he places on them, will result in the imposition of substantial monetary sanctions against him.

ENTERED this 5th day of April, 2006.

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge